IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MITCHELL FLOWERS and all similarly situated persons, <br><br>Plaintiffs, <br><br>v. <br><br>HERE TO SERVE RESTAURANTS, INC. and its affiliated companies, THOMAS CATHERALL, individually, and LEIGH CATHERALL, individually, OASIS OUTSOURCING, INC., and it affiliated companies. <br><br>Defendants. | CIVIL ACTION <br>FILE NO: <br><br><br><br>COLLECTIVE ACTION COMPLAINT for violations of the Fair Labor Standards Act of 1938 as amended |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Mitchell Flowers and other similarly situated persons, (or collectively hereinafter "Plaintiffs") by and through their undersigned counsel, file this lawsuit against the Defendant Here To Serve Restaurants, Inc. and its affiliated companies, Thomas Catherall, individually, Leigh Catherall, individually and Oasis Outsourcing, Inc. and it affiliated companies (or collectively hereinafter "Defendants") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"). Plaintiffs sue Here To Serve Restaurants, Inc. under, the Worker Adjustment and Retaining Notification (WARN) Act, 29

1

U.S.C. § 2101 et seq. and the Georgia Common law for breach of contract, and in support thereof would further state as follows:

## I. INTRODUCTION

1. The instant action arises from Defendants violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, et seq., as amended (hereinafter "the Act"), and specifically the collective action provision of the Act found at § 216(b) to remedy violations of unpaid wages and overtime provisions of the FLSA by Defendants which have deprived the Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages from September 14, 2015 and forward.

2. Other current and former employees of Defendants are also entitled to receive compensation for the reasons alleged in this Complaint. The above-named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to the action must provide "his consent in writing to become such a party," and such consent must be filed with this Court, 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid wages compensation owed to the Plaintiffs and all current and former employees of Defendant who are similarly situated to the Plaintiffs, pursuant

to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendants' businesses in Atlanta, Georgia metropolitan area.

4. Defendants have willfully committed widespread violations of the FLSA by failing to compensate employees for hours worked for portions of September and October 2015.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation for work performed, an equal amount of liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA). This Court has jurisdiction over Plaintiffs' breach of contract claim (Count II) under this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal places of business within this District.

## III. PARTIES

8. Plaintiff Mitchell Flowers resides in Atlanta, Georgia. Flowers was employed by Defendants as a General Manager in Atlanta, Georgia.

9. Plaintiffs and all members of the collective action were all "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA for the period in which they were employed by the Defendants.

10. Defendant Here To Serve is a corporation based in Georgia, which conducts business within this State and District and maintains its principal place of business at 2137 Manchester Street, Atlanta, GA 30324-2519. At all times herein set forth, Here To Serve was in the restaurant business at various locations in Atlanta, Georgia.

11. Here To Serve maintains either actual or constructive control, oversight and direction over the operations of its restaurant business services, including the employment and pay practices of these operations.

12. Here To Serve and its affiliated companies are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its/their registered agent,

Cary Ichter, 3340 Peachtree Road, Suite 1530, Fulton, Atlanta, Georgia 30326.

13. At all times material to this action, Here To Serve and their affiliated companies or operations were in the business engaged in commerce as defined by § 203( b)(1) of the FLSA.

14. At all times material to this action, Here To Serve was an "employer" of the named Plaintiffs and/or others similarly situated, as defined by § 203(d) of the FLSA.

15. At all times material to this action, Defendant Thomas Catherall was Chief Executive Officer and Chief Financial Officer and a resident of Fulton County, Georgia. Based on information and belief, he can be served with process at 1056 Fairway Cir NE, Atlanta, GA 30319.

16. At all times material to this action, Defendant Leigh Catherall was Chief Executive Officer and Chief Financial Officer and a resident of Fulton County, Georgia. Based on information and belief, she can be served with process at 4514 Stella Dr NW, Atlanta, GA 30327.

17. At all times material to this action, Oasis Outsourcing, Inc. and their affiliated companies or operations were in the business engaged in commerce as defined by § 203( b)(1) of the FLSA.

18. Oasis Outsourcing Inc. is a Florida Corporation doing business in the State of Georgia and their Agent, C.T. Corporation, can be served with process at 1201 Peachtree Street, N.E. Atlanta,

GA 30361 and at all times material to this action, Oasis Outsourcing Inc., was a joint employer with Here To Serve as its Professional Employer Organization ("PEO") which provided wages, benefits, policies, procedures and other means of control over Plaintiffs. and/or others similarly situated.

## IV. VIOLATIONS OF THE FLSA

19. During the period of time material to this action, Defendants employed Plaintiff Flowers and other similarly situated employees.

20. Plaintiff Flowers was hired as a General Manager for Here To Serve.

21. Plaintiff Flowers was hired by Here To Serve and was paid as a salaried employee.

22. Defendants refused to pay Plaintiff and other similarly situated Employees their earned wages.

## V. SCOPE OF DEFENDANT'S LIABILITY

23. There are numerous similarly situated employees of Defendants who have not been compensated for wages earned in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and

locatable through Defendants' records. Specifically, all current and former employees of Defendants should be notified, who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised notice were not compensated for wages earned.

COUNT ONE
(Fair Labor Standards Act: 29 U.S.C.A. §§ 201, et seq.)
Failure To Pay Minimum Wage and Overtime
(Here To Serve Restaurants, Inc., Thomas Catherall, Leigh Catherall and Oasis Outsourcing Inc.)

24. The Plaintiffs repeat and incorporate by reference paragraphs 1-23 herein.

25. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

26. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay Plaintiffs' earned wages to current and former employees in accordance with § 207 of the FLSA.

27. As a result of Defendants' violations of the FLSA, named Plaintiff Flowers and other similarly situated employees, have suffered damages by failing to receive their earned wages in accordance with § 207 of the FLSA.

28. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of named Plaintiff Flowers, and other similarly situated current and former employees. In fact, Defendants have willfully, intentionally and knowingly failed to comply with the FLSA.

29. As a result of the violations of the FLSA by the Defendants, named Plaintiff Flowers and all current and former employees similarly situated have been deprived of their wages and overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## COUNT TWO
### (Breach of Contract)
(Here To Serve Restaurants, Inc. and Oasis Outsourcing Inc.)

30. Plaintiff Flowers and other similarly situated repeat and incorporate by reference paragraphs 1-23 herein.

31. Each of the Plaintiffs in this case had entered into contracts of employment and contracts of compensation with Defendants Here To Serve Restaurants and Oasis Outsourcing Inc. Here To Serve and Oasis Outsourcing Inc. agreed to pay these employees at a certain set rate of salary and/or hourly wage. These employees have been unpaid since mid-September 2015, and they worked through and including October 5, 2015. The failure to

pay these salary and wages to these employees constitutes a breach of contract which exist and continues to exist between each employee and Defendants Here To Serve and Oasis Outsourcing, Inc.

32. Plaintiffs are entitled to payment of the full rate of compensation that was agreed to, in which they had been paid, up to September 14, 2015, from Here To Serve.

COUNT THREE
(Worker Adjustment and Retaining Notification (WARN) Act, 29 U.S.C. § 2101 et seq.)
(Here To Serve Restaurant, Inc. and Oasis Outsourcing Inc.)

33. Plaintiff Flowers and other similarly situated repeat and incorporate by reference paragraphs 1-23 herein.

34. Defendant Here To Serve and Oasis Outsourcing Inc. is an employer as defined by the Worker Adjustment and Retaining Notification (WARN) Act, 29 U.S.C. § 2101 et seq., and its enabling regulations of 20 C.F.R. § 639.3 (a). The sudden closure of the restaurants and the employment loss of several hundred employees in this matter constitutes a plant closing within the mean of 20 C.F.R.§ 639.3 (b) or a mass layoff within the meaning 20 C.F.R. § 639.3 (c).

35. Because of the sudden and unannounced closing of its various restaurants in the Atlanta area on October 5, 2015, a closure that was foreseeable to its owners and managers, and because the failure to pay employees their wages as acquired by the FLSA and their Employment Agreements with their Employer, these

employees have been terminated and suffered an employment loss within the meaning of 20 C.F.R. § 639.3 (f).

36. The closing of the restaurants were foreseeable and Defendants Here To Serve and Oasis Outsourcing Inc. are liable under WARN for their failure to provide up to sixty (60) days advance notice of the closure.

37. Based on Defendant Here To Serve and Oasis Outsourcing Inc.'s WARN Act violations, Plaintiffs prayed that they be paid the sixty (60) day compensation for the sudden and unanticipated closing of the restaurants and places of the employment of these employees and that Here To Serve and Oasis Outsourcing Inc. be required to pay attorneys' fees and costs.

## XII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216 (b) of the FLSA, pray for the following relief:

A. That under the FLSA, at the earliest possible time, they be allowed to give notice of this action or that the court issue such Notice, to all persons who were employed by Here To Serve from September 1, 2015 through October 6, 2015. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they

were not paid by Defendant all hours worked at any time between September 1, 2015 through October 6, 2015.

B.   That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated Damages; and

C.   That all Plaintiffs be awarded prejudgment interest; and

D.   That all Plaintiffs be awarded reasonable attorneys' fees; and

E.   That all Plaintiffs be awarded for costs and expenses of this action; and

F.   That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

DEMAND FOR TRIAL BY JURY

Come now the Plaintiff Flowers, by counsel, and request a trial by jury on all issues deemed so triable.

This  7  day of October, 2015.

Respectfully submitted,

GARY R. KESSLER, P.C.

/s/ Gary R. Kessler
Gary R. Kessler
Georgia Bar. 416562
3379 Peachtree Road, NE
Suite 400
Atlanta, Georgia 30326
404-237-1020 (office)
gkessler@isklaw.com